# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PHILIP AMARA, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>REGAL CINEMAS, INC.,<br><br>*Defendant*. | CASE NO. 8:19-CV-3125-TPB-CPT<br><br><u>CLASS ACTION</u> |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND FOR LEAVE TO TAKE DISCOVERY PRIOR TO ENTRY OF FINAL JUDGMENT

Pursuant to Federal Rules of Civil Procedure 23 and 55 and Local Rule 4.04, and prior to entry of final judgment against Defendant Regal Cinemas, Inc. ("Regal" or "Defendant"), Plaintiff Philip Amara respectfully moves for (1) certification of the proposed Class; and (2) leave to engage in discovery for the limited purposes of identifying members of the Class and calculating the statutory damages to which each Class member is entitled (hereinafter, the "Motion").

### Background and Procedural History

1. On December 19, 2019, Plaintiff initiated this class action lawsuit by filing the Complaint against Regal. [D.E.1]. In the Complaint, Plaintiff asserts a single claim for violation of Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.,* against Regal, arising from its repeated initiation of autodialed text message advertisements to the cellular telephone numbers of Plaintiff and members of the proposed Class, absent the requisite "express written consent." The Complaint seeks, *inter alia*, class certification of a proposed Class of similarly situated persons pursuant to Rules 23(b)(2) and 23(b)(3), and a judgment for statutory damages and injunctive relief, as afforded by the TCPA, in favor of Plaintiff and the Class.

2. On December 30, 2019, Plaintiff properly effectuated service of process on Regal via its registered agent. *See* return of service [D.E. 5].

3. Regal's time to respond to Plaintiff's complaint expired on January 20, 2020. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

4. Despite being aware of the lawsuit, Regal chose not to respond to the Complaint, appear in the action, or even reach out to Plaintiff's counsel to request additional time to respond to the Complaint before the deadline to do so passed.

5. On January 23, 2020, two days after Regal's response date passed, Plaintiff moved for entry of the clerk's default. [D.E. 6].

6. On the same day, the clerk entered a default judgment as to Regal. [D.E. 7].

7. On January 23, 2020, Plaintiff sent copies of his motion for entry of the clerk's default and the clerk's order entering default judgment to Regal via first-class prepaid U.S. mail.

8. To date, Regal has not appeared or filed anything in the case in response to the Complaint or the clerk's default entered against it, despite having been duly and timely served with the Summons and Complaint, the motion for clerk's entry of default, and the clerk's order entering default.

9. As a result of Regal's default, Plaintiff now requests that the Court certify the Class set forth below, and requests leave to conduct discovery to identify members of the Class and determine the amount of damages they are each entitled to.

### The Court Should Certify the Class

10. "[A] clerk's entry of default does not change the analysis that a district court must undertake in deciding whether to certify a class because any other conclusion might give defendants an incentive to default in situations where class certification seems likely. To that end, certification under Rule 23 remains a procedural requirement for a class to recover damages. A

court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met." *Jackson v. Paycron Inc.,* No. 8:19-cv-00609-WFJ-AAS, 2019 WL 2085430, at *1 (M.D. Fla. May 13, 2019) (granting conditional class certification); *Saade v. Insel Air,* No. 17-22003-Civ-WILLIAMS/TORRES, 2019 U.S. Dist. LEXIS 59189, at *4 (S.D. Fla. Apr. 4, 2019) (internal annotations omitted).

11. "[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact," including specifically allegations relating to the prerequisites for class certification under Federal Rule 23. *Amadi v. Ace Homecare, LLC*, No. 8:17-cv-02191-T-02JSS, 2019 U.S. Dist. LEXIS 52375, at *3-4 (M.D. Fla. Mar. 28, 2019) (internal annotations & citations omitted) (a defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law"); *Duncan v. Sabal Palms I Assocs., Ltd.*, No. 89-3 CIV-FtM-10(A), 1990 U.S. Dist. LEXIS 21077, at *2-7 (M.D. Fla. June 7, 1990) (certifying class action based on the plaintiff's allegations in the complaint that were, in effect, admitted by the defaulted defendant).

12. Pursuant to Federal Rule 23(b)(2) and 23(b)(3), Plaintiff seeks certification of the following class:

> All persons in the United States who, at any time between December 19, 2015 and the present:
>
> (1) subscribed to a cellular telephone service; and
>
> (2) received, at the telephone number assigned to such service, more than one text message containing the word "REGAL" from the short-code number 61633.[1]

---

[1] This Class definition tracks the definition proposed in the Complaint, except that the definition for which certification is sought herein does not include the third criterion for membership in the class as proposed in the Complaint – namely all persons "for whom Regal Cinemas, Inc. lacks any record establishing the person's provision of 'express written consent' to receive such messages prior to the initiation of such messages." Complaint at ¶ 39. Plaintiff has removed this criterion pertaining to "express written consent," which is an affirmative defense to a claim for violation of the TCPA, because Defendant has not entered an appearance in the case, has not asserted an "express written consent" defense to the claim alleged by Plaintiff as to himself or any class member (and has thereby waived the defense), and in any event has not

13. In support of certification of the Class, Plaintiff has alleged the following facts sufficient to satisfy Rule 23's requirements, and Defendant, by virtue of its default, is deemed to have admitted each of these facts:

    a. <u>As to numerosity</u>, the number of class members is substantial, amounting to thousands of persons. Complaint at ¶ 46. This is evidenced by the impersonal, pro forma advertising content of the subject unsolicited text messages [*Id.* at ¶ 34]; the use of an SMS short code to transmit these messages, which is used precisely because of its capacity to transmit advertisements to consumers *en masse* [*Id.* at ¶¶ 31-32]; and the size and national scope of its consumer-facing business operations, including its marketing campaigns directed to consumers. *Id.* at ¶¶ 5, 30-31.

    b. <u>As to typicality</u>, he is a member of the Class because he received more than one unsolicited text message from Regal from the short-code telephone number 61633 without providing any prior express written consent, placing him squarely within the proposed Class definition, and because his interests coincide, and are not antagonistic to, those of the members of the proposed Class. *Id*. at ¶ 47.

    c. <u>As to commonality and predominance</u>, common questions of law and fact exist across the proposed Class and predominate over any individual questions affecting individual Class members, such as: whether Defendant or its affiliates, subsidiaries, or agents sent multiple text messages containing the word "REGAL" to Plaintiff's and Class members' cellular telephones from the short-code telephone number 61633; whether such text messages were sent using an "automatic telephone dialing

---

presented any evidence of such consent as to Plaintiff or any member of the proposed class, such that the record before the Court is totally bereft of any evidence of "express written consent" as to Plaintiff or any member of the proposed class.

system"; whether the text messages sent constituted "advertisements" or "telemarketing"; whether Defendant or its affiliates, subsidiaries, or agents had prior express written consent, as required, to send such marketing solicitations, assuming such an affirmative defense is not waived by Regal's default raised; and whether Defendant or its affiliates, subsidiaries, or agents should be enjoined from engaging in such conduct in the future. *Id.* at ¶ 50.

d. <u>As to adequacy</u>, Plaintiff has no interest adverse to or which conflict with the interests of the absent Class members, and he is able to fairly and adequately represent and protect the interest of such a Class. *Id*. at ¶ 48. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. *Id*. Plaintiff's counsel is adequate and able to ably and competently prosecute the case on behalf of Plaintiff and the Class. *Id.* at ¶ 49.

e. <u>As to superiority</u>, a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. *Id.* at ¶ 51. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. *Id.* Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system by causing multiple trials of the same factual issues. *Id.* By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and the court system and protects the rights

of each member of the Class. *Id.* Plaintiff anticipates no difficulty in the management of this action as a class action. *Id.* Class wide relief is essential to compel compliance with the TCPA. *Id.* The interest of Class members in individually controlling the prosecution of separate claims is small because the statutory damages in an individual action for violation of the TCPA are small. *Id.* Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and the Class members, by definition, did not provide the prior express written consent required under the statute to authorize such messages to be sent to their cellular telephones. *Id.* The Class members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of cellular telephone providers. *Id.*

14. Thus, the allegations of the Complaint, which under the circumstances are accepted as true, satisfy each of the requirements of Federal Rule 23(a) and (b). Accordingly, the Motion should be granted, and the Class should be certified.

## The Court Should Grant Plaintiff Leave to Take Discovery

15. Courts may, further to Federal Rule 55(d)(2), "conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *See Jackson v. Paycron Inc.,* No. 8:19-cv-00609-WFJ-AAS (M.D. Fla. May 13, 2019) (granting plaintiff leave to take discovery prior to entry of final judgment); *see also* Local Rule 4.04(b) ("If discovery relating to class action issues is needed, the parties may move the Court for leave to take such discovery prior to the case management meeting).

16. In this case, in advance of entry of final judgment in favor of the certified Class, discovery is necessary to identify the Class members (i.e., the recipients of Regal's TCPA-violative texts) and to determine the total number of texts each Class member received (in order to calculate the total amount of statutory damages to which each Class member is entitled). As alleged in the Complaint, "[t]he Class members can be readily located and notified of this class action through Defendant's records and, if necessary, the records of cellular telephone providers." Complaint at ¶ 51.

17. Accordingly, in order to identify members of the Class and to determine damages as contemplated by Rule 55(d)(2), Plaintiff respectfully requests leave to take discovery from Defendant, Defendant's officers, and Defendant's marketing vendors and mobile aggregation vendors.

18. Specifically, Plaintiff seeks to (1) serve subpoenas on Defendant and its officers — including without limitation Todd Buruff, Vincent Fusco, John Curry, and Matt Eyre—through its registered agent, C.T. Corporation System, as identified by Regal's 2019 corporate filings with the State of Florida, in order to obtain text-message transmission log files and documents necessary to identify any and all third party vendors retained by Defendant to transmit the subject messages; and (2) to thereafter serve subpoenas on Defendant's third-party marketing vendors that have been identified in order to obtain the documents and ESI in their possession that are sufficient to identify the Class members and determine the scope of Defendant's liability for statutory damages to each of them.

**WHEREFORE**, Plaintiff Amara respectfully requests that the Court certify the Class, grant leave to take discovery, and provide such further relief as is just and proper.

Dated: February 10, 2020                     Respectfully submitted,


                                             By: /s/ Frank S. Hedin
                                             Frank S. Hedin (FBN: 109698)
                                             1395 Brickell Ave, Suite 1140
                                             Miami, Florida 33131
                                             Telephone: (305) 357-2107
                                             Facsimile: (305) 200-8801
                                             E-mail: fhedin@hedinhall.com

                                             *Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on February 10, 2020, a true and correct copy of the foregoing was served by electronic service via the Court's CM/ECF service on all counsel or parties of record on the service list in the above-entitled action. I further certify that a true and correct copy of the foregoing is being sent to the persons listed below via prepaid first-class U.S. Mail:

- REGAL CINEMAS, INC., C/O CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

                                        /s/ Frank S. Hedin
                                          Frank S. Hedin