UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHILIP AMARA,

    Plaintiff,

v.                                      CASE NO.: 8:19-cv-3125-TPB-CPT

REGAL CINEMAS, INC.,

    Defendant.
_____/

**DEFENDANT'S MOTION TO SET ASIDE
CLERK'S DEFAULT AND FOR LEAVE TO FILE RESPONSIVE PLEADING**

Pursuant to Rule 55(c), Federal Rules of Civil Procedure, Defendant, REGAL CINEMAS, INC. ("Defendant"), by and through its undersigned counsel, hereby moves this Court to enter an order setting aside the entry of default (Dkt. 8) and to grant Defendant leave to file a responsive pleading.  In support of this motion, Defendant states as follows:

1.    On December 19, 2019, Plaintiff filed a Class Action Complaint in this Court, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 2227 (the "TCPA"). (Dkt. 1).

2.    On December 30, 2019, the Complaint was served on Defendant through its registered agent, CT Corporation, thereby making the responsive pleading due by January 21, 2019.

3.    Regal Cinemas is a subsidiary of Cineworld Group plc, which headquartered in the United Kingdom. (*See* Declaration of Lorie Walker attached hereto as **Exhibit A**).  The General Counsel for Cineworld is located in Israel and is typically involved in the selection of outside counsel for class action cases.  Consequently, the Complaint was sent to the General

Counsel in Israel. Due to an oversight, outside counsel was not selected by the January 21, 2019 response date and no responsive pleading was filed.

4. On January 23, 2020, Plaintiff's counsel filed Plaintiff's Application for Clerk's Entry of Default Against Defendant Regal Cinemas, Inc. Pursuant to Fed. R. Civ. P. 55(A) (Dkt. 6). The Clerk entered an Entry of Default that same day. (Dkt. 8).

5. On January 27, 2020, Plaintiff's Application for Clerk's Entry of Default Against Defendant Regal Cinemas, Inc. Pursuant to Fed. R. Civ. P. 55(A) and the Clerk's Entry of Default were served upon CT Corporation by certified mail. (*See* **Exhibit A**). That same day, CT Corporation sent Plaintiff's Application for Clerk's Entry of Default Against Defendant Regal Cinemas, Inc. Pursuant to Fed. R. Civ. P. 55(A) and the Clerk's Entry of Default to Lorie Walker, VP of Legal Affairs for Regal Cinemas, Inc., who is located in Knoxville Tennessee. Upon receipt of the Clerk's Entry of Default, Ms. Walker realized for the first time that outside counsel had not been retained and that a responsive pleading had not been filed.

6. On January 28, 2020, Ms. Walker retained the undersigned counsel to represent Defendant in this matter, who promptly investigated the facts of this case and the circumstances regarding the entry of default, and prepared this motion (*See* **Exhibit A**).

7. Pursuant to Local Rule 3.01(g), the undersigned contacted Plaintiff's counsel by email on February 7, 2020 to determine whether he had an objection to the relief sought in this motion. On February 13, 2020, Plaintiff's counsel responded that Plaintiff would oppose this motion.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

Pursuant to Federal Rule of Civil Procedure 55(c), a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is

"committed to the sound discretion of this Court." *Leaderstat, LLC v. Abisellan*, 252 F.R.D. 698, 700 (M.D. Fla. 2007); *see also USA Flea Mkt., LLC v. EVMC Real Estate Consultants, Inc.*, 248 F. App'x 108, 111, 2007 WL 2615887, *3 (11th Cir. Sept. 12, 2007) ("[a] district court can set aside an entry of default"); *Singh v. Hopkins Meat Packing, Inc.*, 2008 WL 4922071, *2 (M.D. Fla. Nov. 13, 2008) ("It is well within the discretion of the trial court to set aside an entry of default") (citing *Robinson v. United States,* 734 F.2d 735, 739 (11th Cir. 1984)).

The Eleventh Circuit has found good cause to be a "mutable and "liberal standard, but not one that is "devoid of substance.'" *Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviaci'n*, 88 F.3d 948, 951 (11th Cir. 1996) (*citing Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). It is a less rigorous standard, however, than the "excusable neglect standard applied in setting aside default judgment under Federal Rule of Civil Procedure 60(b)." *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir. 1990). In determining whether good cause is shown, courts have considered the following to be relevant factors: (i) whether the default was culpable or willful, (ii) whether setting the default aside would prejudice the opposing party, (iii) whether the defaulting party presents a meritorious defense to the claims asserted, and (iv) whether the defaulting party acted promptly to correct the default. *Compania Interamericana*, 88 F.3d at 951; *see also Kelly v. Florida,* 233 F. App'x 883, 885, 2007 WL 295419, *2 (11th Cir. Jan. 31, 2007); *Leaderstat,* 252 F.R.D. at 700; *Theiss v. Giove Law Office*, *P.C.,* 2008 WL 2323911, *2 (M.D. Fla. Jun. 5, 2008). These factors are not "talismanic," but rather are a "means of identifying circumstances which warrant the finding of 'good cause." *Compania Interamericana*, 88 F.3d at 951 (internal citation omitted). "When it is uncertain whether good cause exists, courts generally have found it appropriate for trial judges to exercise

their discretion in favor of setting aside defaults so that cases may be decided on their merits." *Theiss,* 2008 WL 2323911 at *3.

### A.     The Default Was Not Culpable Or Willful.

Here, this Court should exercise its discretion to set aside the Default and permit Defendant to defend this case on the merits. Defendant's failure to respond to the initial Complaint was not the result of willful conduct, but rather was the result of excusable neglect. The Complaint was sent to the legal department of Defendant's parent company's General Counsel in Israel in order to select outside counsel but, through an oversight, outside counsel was not selected by the responsive pleading due date. Defendant's legal department in Knoxville, Tennessee did not realize that outside counsel had not been selected and that a responsive pleading had not been filed until CT Corporation sent a copy of Plaintiff's Application for Clerk's Entry of Default Against Defendant Regal Cinemas, Inc. Pursuant to Fed. R. Civ. P. 55(A) and the Clerk's Entry of Default to Ms. Walker on January 27, 2020.

Where a party's failure to respond was the result of excusable neglect, not willful conduct, good cause may exist so that an entry of default can be set aside. *See Compani Interamericana*, 88 F.3d at 951; *Theiss*, 2008 WL 2323911 at *3. Indeed, "a technical error or a slight mistake . . . should not deprive the party of an opportunity to present the merits of its claim." *Singh*, 2008 WL 4922071 at *1 (quoting *Fla. Physician's Ins. Co v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). Here, Defendant was not willful in its failure to respond. Further, Plaintiff has not alleged that Defendant was willful in its failure to respond, nor is there anything in the record to suggest that Defendant's conduct could be attributed to anything other than excusable neglect. *See Leaderstat*, 252 F.R.D. at 700 (setting aside an entry of default where "[n]othing in the record evinces (and the plaintiff fails even to allege) the defendant's willful default."

### B.   Setting Aside The Clerk's Entry Of Default Will Not Prejudice Plaintiff.

Where the setting aside of an entry of default will not prejudice the opposing party, good cause may exist so that an entry of default can be set aside. *See Compania Interamericana*, 88 F.3d at 951; *Leaderstat*, 252 F.R.D. at 700. Additional delay or expense has been held not to constitute prejudice to the opposing party, especially where the delay is short. *Leaderstat*, 252 F.R.D. at 700 (setting aside entry of default where "plaintiff offers only the conclusory allegation of additional delay and expense, both of which necessarily accompany any (and every) vacating of an entry of default); *Theiss*, 2008 WL 2323911 at *3 (setting aside entry of default and finding that plaintiff would not be prejudiced because "resolving the case will merely be delayed"); *Singh*, 2008 WL 4922071 at *3 (setting aside entry of default because plaintiff "suffered no prejudice from this short delay.")  Here, but for a short delay in filing the Answer and Affirmative Defenses, Plaintiff will not be prejudiced by the Court's setting aside the Default and allowing Defendants to defend against the claims Plaintiff has asserted. Indeed, Plaintiff did not allege otherwise when she moved for entry of default.

### C.   Defendant Has Meritorious Defenses To The Claims Asserted.

Where the defaulting party can present a meritorious defense, good cause may exist so that an entry of default can be set aside. *See Compania Interamericana,* 88 F.3d at 951; *Leaderstat,* 252 F.R.D. at 700 (setting aside entry of default where defendant's motion "presents meritorious defenses to this action"); *Theiss*, 2008 WL 2323911 at *3 (setting aside entry of default where defendant's motion "presented a number of potentially meritorious defenses to the allegations contained in [plaintiff's] complaint"); *Singh*, 2008 WL 4922071 at *3 (setting aside entry of default where defendants asserted "a meritorious defense in that they claim to have documents that would refute [plaintiff's] claim.")

Specifically, Defendants will assert that Plaintiff and the purported class cannot prevail on the TCPA claims because Defendant did not use an automated telephone dialing device ("ATDS") to send the alleged text messages as required by the TCPA because (1) Defendant's equipment did not produce Plaintiff's or the purported class' telephone numbers using a random or sequential number generator and dial them, but rather the equipment sent the text messages to a targeted group who had previously provided their telephone numbers to Defendant; and/or (2) the texts required human intervention to be sent.

Defendant's defenses fit squarely into the January 27, 2020 Eleventh Circuit decision in *Glasser v. Hilton Grand Vacations Company, LLC*, No. 18-14586 (January 27, 2020). In that case, the Court affirmed summary judgment in favor of the Hilton Grand Vacations Company on Glasser's TCPA claims because the equipment used to send the telephone calls that allegedly violated the TCPA did not produce Glasser's telephone calls using a random or sequential number generator and dial them, and the telephone calls required human intervention. *Id.* at 20.

### D. Defendants Have Acted Promptly To Correct The Default.

Finally, Defendants have acted promptly to correct the default. Where the defaulting party has acted promptly to correct the default, good cause may exist so that an entry of default can be set aside. *See Compania Interamericana,* 88 F.3d at 951; *Leaderstat,* 252 F.R.D. at 700 (setting aside entry of default where defendant "retained counsel and moved to vacate default within twenty-one days of the clerk's entry of default"); *Theiss*, 2008 WL 2323911 at *3 (setting aside entry of default where defendant "promptly enlisted counsel and filed the present motion to vacate the default.") Similar to the defendants in *Leaderstat* and *Theiss,* Defendant has worked diligently and quickly to correct the entry of default.

**WHEREFORE**, Defendant respectfully requests that this Court grant its Motion to Set Aside Entry of Clerk's Default and grant it leave to file its responsive pleading.

**DATED:** February 13, 2020.

>Respectfully Submitted,
>
>*/s/ Grant D. Petersen*
>Grant D. Petersen
>Florida Bar Number 378682
>E-mail: grant.petersen@ogletree.com
>OGLETREE, DEAKINS, NASH,
>SMOAK & STEWART, P.C.
>100 North Tampa Street, Suite 3600
>Tampa, Florida 33602
>Telephone: 813.289.1247
>Facsimile: 813.289.6530
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 13th day February, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

>Frank S. Hedin, Esq.
>Hedin Hall LLP
>1395 Brickell Ave., Suite 1140
>Miami, Florida 33131
>E-mail: fhedin@hedinhall.com
>*Attorneys for Plaintiff*

**I FURTHER CERTIFY** that to the best of my knowledge there are not any non-CM/ECF participants that require notification of this response via U.S. Mail.

>/s/ *Grant D. Petersen*
>Grant D. Petersen

41738466.1