**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PHILIP AMARA,**
      **Plaintiff,**

  **v.**
                                      **CASE NO.:  8:19-cv-3125-TPB-CPT**

**REGAL CINEMAS, INC.,**
      **Defendant.**
_____/

### <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

      COMES NOW, Defendant, REGAL CINEMAS, INC., by and through its undersigned counsel, and answers the Class Action Complaint (the "Complaint") as follows:

### NATURE OF ACTION

      1.     Defendant admits that Plaintiff is attempting to bring a class action for legal and equitable remedies resulting from alleged illegal action of Defendant in sending text messages to Plaintiff's cellular telephone and the cellular telephones of numerous other individuals across the country in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 2227 (the "TCPA"); but denies that Plaintiff has any basis in fact or law to support his claims.

### JURISDICTION AND VENUE

      2.     Defendant admits that this Court has jurisdiction over this matter.

      3.     Defendant admits that personal jurisdiction and venue are proper.  Defendant is without knowledge regarding whether Plaintiff resides in the District and, therefore, denies same.

### PARTIES

      4.     Defendant is without knowledge regarding the allegations set forth in paragraph 4 of the Complaint and, therefore, denies same.

5.    Defendant admits that Defendant operates one of the largest and most geographically diverse chain of movie theaters in the United States and, as of October 28, 2019, operates 7,211 screens in 549 theaters in 42 states.  Defendant further admits that, during the fiscal year ending December 31, 2016, it generated total revenues of approximately $3.1 billion. Defendant also admits that it is organized and incorporated under the laws of Delaware and maintains its corporate headquarters in Knoxville, Tennessee.  Finally, Defendant admits that it is a "person" as defined by 47 U.S.C. § 153 but denies that it is covered by the TCPA because it does not use an automated telephone dialing system ("ADTS") to place telephone calls or texts.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6.    Defendant admits that Congress enacted the TCPA in 1991 to address certain abuse telecommunication practices and that the TCPA prohibits making telephone calls or texts to cellular telephones using a "prerecorded or artificial voice" or an ATDS unless for an emergency purpose or the party called or texted has provided express consent.  Defendant further admits that, to be an ATDS under the TCPA, the equipment must (1) store telephone numbers using a random or sequential number generator and dial them or (2) produce such numbers using a random or sequential generator and dial them.  *Glasser v. Hilton Grand Vacations Company, LLC,* No. 18-14586 (11th Cir. January 27, 2020).  Finally, Defendant admits that if the equipment calls or texts targeted individuals or if the equipment requires human intervention to place the calls or texts, then the equipment is not an ATDS and the TCPA does not apply.

7.    Defendant admits the allegations set forth in paragraph 7 of the Complaint.

8.    Defendant is without knowledge regarding the allegations set forth in paragraph 8 of the Complaint and, therefore, denies same.

9.      Defendant admits that, to state a cause of action under the TCPA, Plaintiff must allege that Defendant called or texted a number assigned to a cellular telephone services using an ADTS or prerecorded voice.  Defendant further admits that, to prevail in an action under the TCPA, Plaintiff must prove that Defendant called or texted his cellular telephone using an ATDS.  Defendant denies that it called or texted Plaintiff's cellular telephone using an ATDS and further denies the remainder of the allegations set forth in paragraph 9 of the Complaint.

10.     Defendant cannot identify Plaintiff or confirm Plaintiff's cellular telephone number without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 10 of the Complaint and denies same.

11.      Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 11 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

12.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 12 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

13.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 13 of the Complaint and denies same.

Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

14.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 14 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

15.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 15 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

16.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 16 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

17.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 17 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

18.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 18 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

19.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 19 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

20.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 20 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

21.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 21 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

22.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 22 of the Complaint and denies same.

Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

23.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 23 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

24.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 24 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

25.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 25 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

26.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 26 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS.

27.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 27 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS and/or or without their consent.

28.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 11 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS and/or without their consent.

29.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 29 of the Complaint and denies same. Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS and/or without their consent.

30.     Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31.     Defendant admits that it uses a short code to send text messages but is without knowledge regarding the remainder of the allegations set forth in paragraph 31 of the Complaint and, therefore, denies same.

32.     Defendant cannot determine whether it placed the alleged text to Plaintiff without knowing Plaintiff's full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 32 of the Complaint and denies same.

Defendant further denies that it sent texts messages to any individuals, including Plaintiff, using an ATDS and/or without their consent.

33.     Defendant is without knowledge regarding the allegations set forth in paragraph 33 of the Complaint and, therefore, denies same.

34.     Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35.     Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36.     Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37.     Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38.     Defendant cannot determine whether it placed the alleged text to Plaintiff and/or any putative Class members without knowing Plaintiff's or the putative Class members' full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 32 of the Complaint and denies same.

## CLASS ALLEGATIONS

39.     Defendant admits that Plaintiff is attempting to bring a civil class action on behalf of all similarly situated persons but denies that Plaintiff has any basis in either fact or law for such civil class action and further denies that it sent texts to Plaintiff or any putative Class members using an ATDS.

40.     Defendant admits that Plaintiff is attempting to exclude from the putative class the individuals and/or entities listed in paragraph 40 of the Complaint and denies that Plaintiff has any basis in either fact or law to bring a civil class action on behalf of any putative Class members.

41.    Defendant admits that Plaintiff is reserving the right to modify his definition of Class after further discovery but denies that Plaintiff has any basis in either fact or law to bring a civil class action on behalf of any putative Class members.

42.    Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43.    Defendant admits that the Class Action Complaint seeks injunctive relief and monetary damages but denies that Plaintiff and/or any putative Class members have any basis in either fact or law to support their claims.

44.    Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45.    Defendant admits that Plaintiff may also seek certification of subclasses but denies that Plaintiff has any basis in either fact or law to support certification of any subclasses.

46.    <u>Numerosity.</u>  Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47.    <u>Typicality.</u>  Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48.    <u>Adequacy.</u>  Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49.    <u>Competency of Class Counsel.</u>  Defendant is without knowledge regarding the allegations set forth in paragraph 49 of the Complaint and, therefore, denies same.

50.    <u>Commonality and Predominance.</u>  Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51.    <u>Superiority.</u>  Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52.    Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53.     Defendant denies the allegations set forth in paragraph 53 of the Complaint.

## CLAIM FOR RELIEF
## VIOLATION OF THE TELEPHONE CONSUMER
## PROTECTION ACT (47 U.S.C. § 227)

54.     Defendant incorporates by references the answers to the foregoing paragraphs of the Complaint as if fully stated herein.

55.     Defendant cannot determine whether it placed the alleged texts to Plaintiff and/or any putative Class members without knowing Plaintiff's or the putative Class members' full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 55 of the Complaint and denies same.  Defendant denies the allegations set forth in paragraph 55 of the Complaint.

56.     Defendant denies the allegations set forth in paragraph 56 of the Complaint.

57.     Defendant cannot determine whether it placed the alleged texts to Plaintiff and/or any putative Class members without knowing Plaintiff's or the putative Class members' full cellular telephone number and, therefore, Defendant is without knowledge regarding the allegations set forth in paragraph 57 of the Complaint and denies same.  Further, Defendant denies that it sent any text messages to Plaintiff or putative Class members using an ATDS.

58.     Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59.     Defendant denies the allegations set forth in paragraph 59 of the Complaint.

60.     Defendant admits that Plaintiff and putative Class members seek an award of attorneys' fees and costs but denies that Plaintiff and putative Class members have any basis in fact or law to support such claim.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff and the putative Class members are entitled to judgment or relief in this action.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint should be dismissed in whole or in part on the grounds that it fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint should be dismissed in whole or in part on the grounds that Plaintiff does not have standing to bring this action.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint should be dismissed in whole or in part on the grounds that this Court lacks personal jurisdiction with respect to out of state putative Class members.

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed in whole or in part on the grounds that Defendant does not use and has not used an Automated Telephone Dialing System to send texts to Plaintiff or putative Class members.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint should be dismissed in whole or in part on the grounds that Plaintiff and putative Class members had an established business relationship with Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's and the putative Class members' claims are barred because, to the extent they received any texts from Defendant, they expressly consented to receiving said texts and/or their consent was not required.

11

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that any award of statutory and/or punitive damages to Plaintiff and/or the putative Class members would be grossly disproportionate to any actual injury allegedly sustained by Plaintiff and/or the putative class members and would therefore deny Defendant its rights under the Due Process and Excessive Fines Clauses of the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that the TCPA as applied to class actions imposes liabilities, penalties, or fines that are so excessive, sever, and oppressive as to be obviously unreasonable and wholly disproportionate to the alleged offense of placing a purportedly unsolicited text and the TCPA thereby violates the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## NINETH AFFIRMATIVE DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that the TCPA and its implementing regulations violate the First Amendment to the United States Constitution because they are more restrictive than necessary to achieve their asserted purposes and have no reasonable relation to any substantial government interest sought to be advanced.

## TENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that all conduct and activities of Defendant, including any purported agents, alleged in the Complaint conformed to statutes, regulations and industry standards based upon the state of knowledge existing at the time(s) alleged in the Complaint.  As a consequence, some or all of Plaintiff's claims are barred in full, or in part, based on Defendant's good faith belief that it had good cause and/or a

legitimate business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative Class members' claims are barred, in whole or in part, by the doctrine of *de minimis* harm because the actual harm allegedly suffered is negligible.

## TWELFH AFFIRMATIVE DEFENSE

The causes of action in the Complaint are barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, award Defendant all of its costs and attorneys' fees incurred in defending this action, and grant such other relief as the Court deems just and appropriate

**DATED:** March 5, 2020.

Respectfully Submitted,

*/s/ Grant D. Petersen*
Grant D. Petersen
Florida Bar Number 378682
E-mail: grant.petersen@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, FL  33602
Telephone:  813.289.1247
Facsimile: 813.289.6530
ATTORNEYS FOR DEFENDANT

**<u>CERTIFICATE OF SERVICE</u>**

    **I HEREBY CERTIFY** that on this 5th day March, 2020, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to Plaintiff's counsel, Frank Hedin, at:.

        Frank S. Hedin, Esq.
        Hedin Hall LLP
        1395 Brickell Ave., Suite 1140
        Miami, FL 33131
        E-mail: fhedin@hedinhall.com

    **I FURTHER CERTIFY** that to the best of my knowledge there are not any non-

CM/ECF participants that require notification of this response via U.S. Mail.

                          */s/ Grant D. Petersen*
                          Grant D. Petersen

42069751.1